# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GABRIEL WAGNER,

          Plaintiff,          2:08-CV-01281-RLH-PAL

vs.                                   **ORDER**

UNITED STATES DEPT. OF LABOR,      (IFP Application - Dkt. #1)

          Defendant.

Plaintiff Gabriel Wagner is proceeding in this action *pro se*. Wagner has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and he submitted a complaint on September 24, 2008. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    *In Forma Pauperis* **Application**

Wagner has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Wagner's complaint.

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

1  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
2  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a
3  ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.
4  1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all
5  material allegations in the complaint are accepted as true and are to be construed in the light most
6  favorable to the plaintiff.  Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro*
7  *se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  Haines v.
8  Kerner, 404 U.S. 519, 520 (1972) (per curiam).

9  Wagner has failed to state a claim upon which relief can be granted.  Wagner's complaint seeks
10 monetary damages arising out of an injury he sustained while employed by the Transportation Security
11 Administration, a division of the United States Department of Labor.  Wagner is seeking compensation
12 for medical bills he incurred in treating a workplace injury, as well as damages for "financial,
13 emotional, and physical suffering as a direct result of defendants [sic] refusal to pay what is rightfully
14 owed plaintiff."  Complaint at p.1.

15 Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil
16 actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under'
17 federal law either where federal law creates the cause of action or 'where the vindication of a right
18 under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v.
19 Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers
20 Vacation Trust, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).  The presence or absence of
21 federal-question jurisdiction is governed by the "well-pleaded complaint rule."  Caterpillar, Inc. v.
22 Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987).  Under the well-pleaded
23 complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the
24 plaintiff's properly pleaded complaint."  Id.  "'Dismissal for lack of subject-matter jurisdiction because
25 of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible,
26 foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal
27 controversy.'"  U.S. v. Morros, 268 F.3d 695, 701 (9th Cir. 2001) (quoting Steel Co. v. Citizens for a
28 Better Env't, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quotation omitted)).

As stated above, Wagner's complaint appears to be a workers' compensation-type claim against the United States Department of Labor. This claim is governed by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.* FECA requires the government to "pay compensation...for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). FECA also provides that the Secretary of Labor is vested with the exclusive power to administer and decide all questions arising under the statute. See 5 U.S.C. § 8145. Under FECA, a claimant such as Wagner who seeks to be compensated for injuries occurring at work must file a claim with the Director of the Office of Workers' Compensation Programs, and the Director makes final findings of fact, including whether the claimant is entitled to compensation. 5 U.S.C. § 8124(a). The claimant can appeal the Director's decision to the Employees' Compensation Appeals Board (the "ECAB"), the appellate division of the Department of Labor, whose decision on the claim is final. 5 U.S.C. § 8149. The ECAB's decision is immune from judicial review unless a claimant asserts that: (a) his or her constitutional rights were violated; or (b) a violation of statutory duty occurred. 5 U.S.C. § 8128(b); Rodrigues v. Donovan, 769 F.2d 1344, 1349 (9th Cir. 1985). A district court also has jurisdiction to determine whether a claimant's injury is covered by FECA. See Sheehan v. United States, 896 F.2d 1168, 1174 (9th Cir. 1990). The Ninth Circuit has held that "[i]f a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." Figueroa v. United States, 7 F.3d 1405, 1407-08 (9th Cir. 1993).

Thus, a district court's jurisdiction in a case involving FECA claims is limited. Here, Wagner has not alleged that his injury is outside the scope of FECA's coverage, nor has he set forth a violation of a statutory duty, a violation of his constitutional rights, or any other basis for this court's jurisdiction. Therefore, the court must recommend dismissal of Wagner's complaint because the court lacks subject matter jurisdiction.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is GRANTED. Plaintiff shall not be required to pay the filing fee of $350.00.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint.

**IT IS RECOMMENDATION** of the undersigned United States Magistrate Judge that the complaint be dismissed without prejudice.

Dated this 20th day of October, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE